**Erika del Rocio Ponce GARCIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76723.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 30, 2007.

Alexander N. Lopez, Esq., Law Offices of Alexander N. Lopez & Associates, Glendale, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard Zanfardino, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Erika Del Rocio Ponce Garcia seeks review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying Ponce

---

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Garcia's application for cancellation of removal and denying her motion to remand. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

Ponce Garcia contends that the IJ violated due process by not accepting the testimony of one of his aunts regarding hardship. The proposed testimony would have been corroborative and cumulative, *see Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n. 8 (9th Cir.2004), and Ponce Garcia failed to demonstrate that additional testimony would have affected the outcome of the proceedings, *see Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted) (requiring prejudice to prevail on a due process challenge).

The evidence Ponce Garcia presented with her motion to remand concerned the same basic hardship grounds as her application for cancellation of removal, *see Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(I) bars this court from revisiting the merits); *see also Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir.2003) (motions to remand are treated like motions to reopen).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**